1  STEPHEN M. GAFFIGAN (*Pro Hac Vice Pending*) Stephen@smgpa.net
2  STEPHEN M. GAFFIGAN, P.A.
   312 S.E. 17th Street, Second Floor
3  Ft. Lauderdale, Florida 33316
   Telephone: (954) 767-4819
4  Facsimile: (954) 767-4821

5  KENNETH E. KELLER (SBN 71450) kkeller@kksrr.com
   KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
6  114 Sansome Street, 4th Floor
7  San Francisco, California 94104-3839
   Telephone:   (415) 249-8330
8  Facsimile:   (415) 249-8333

9  Attorneys for Plaintiff CHANEL, INC.

   *E-filing*

                THE UNITED STATES DISTRICT COURT

            FOR THE NORTHERN DISTRICT OF CALIFORNIA

   CHANEL, INC., a New York corporation,      )   C 07 - 3592
                                              )
           Plaintiff,                         )
                                              )   **COMPLAINT FOR DAMAGES**
       v.                                     )   **AND INJUNCTIVE RELIEF**
                                              )
   CASONDRA TSHIMANGA a/k/a                   )
   CASONDRA SMITH a/k/a CASONDRA              )
   SATCHER a/k/a C. MAYFIELD a/k/a ANNE       )
   LLOYD d/b/a HANDBAGOUTPOST.COM             )
   d/b/a DESIGNEROUTPOST.NET d/b/a            )
   HANDBAGSLUXURY.COM d/b/a BAY               )
   ELECTRONICS and Does 1-10,                 )
                                              )
                                              )
           Defendants.                        )
                                              )
                                              )
   _____)

       Plaintiff, CHANEL, INC., a New York corporation ("Chanel"), by its attorneys, complains against Defendants, CASONDRA TSHIMANGA a/k/a CASONDRA SMITH a/k/a CASONDRA SATCHER a/k/a C. MAYFIELD a/k/a ANNE LLOYD ("Tshimanga") d/b/a

                                        1

   COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

HANDBAGOUTPOST.COM d/b/a DESIGNEROUTPOST.NET d/b/a HANDBAGSLUXURY.COM d/b/a BAY ELECTRONICS and DOES 1-10 (collectively "Defendants") and alleges as follows:

## THE PARTIES

1. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 9 West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, handbags under the federally registered trademarks CHANEL and CC MONOGRAM (collectively, the "Chanel Marks").

2. Tshimanga is an individual who, upon information and belief, conducts business and resides within this Judicial District at 2642 Oliver Drive, Hayward, California 94545 and who, upon information and belief, also conducts business within this Judicial District at 39270 Paseo Padre Parkway #325, Fremont, California 94536. Tshimanga uses at least the names "HandBagOutpost.com," "DesignerOutpost.net," "HandbagsLuxery.com," and "Bay Electronics" as aliases to operate her business.

3. Upon information and belief, Tshimanga is directly and personally engaging in the sale of counterfeit products as alleged herein.

4. Defendants Doe 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff is presently unaware of the true names of Does 1 through 5. Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

5. Defendants Doe 6 through 10 are business entities which, upon information and belief, reside and\or conduct business within this Judicial District. Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendant. Plaintiff

2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

is presently unaware of the true names of Does 6 through 10. Plaintiff will amend this Complaint upon discovery of the identities of such Defendants.

## JURISDICTION AND VENUE

6. This action seeks to enforce Chanel's trademark rights under 15 U.S.C. §§ 1114, 1116, 1121, and 1125(a). This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. This Court also has diversity jurisdiction under 28 U.S.C. §§ 1332, in that diversity of citizenship exists and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants' principal place of business is within this District and Defendants conduct business activities within this District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this District.

## INTRADISTRICT ASSIGNMENT

9. This action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c) and General Order 44, and hence, the action is to be assigned on a district-wide basis.

## COMMON FACTUAL ALLEGATIONS

10. Chanel is the owner of the following trademarks protected by the following U.S. Federal Trademark registrations:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CHANEL | 0,906,262 | January 19, 1971 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

The Chanel Marks are registered in International Classes 14, 18, and 25 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, and scarves.

11. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, scarves, and other products for an extended period of time.

12. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

13. The Chanel Marks are symbols of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

14. Further, Chanel has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

15. Plaintiff has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of handbags, wallets, scarves, and other goods and has carefully monitored and policed the use of the Chanel Marks.

16. As a result of Plaintiff's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved by Chanel.

17. Accordingly, the Chanel Marks have achieved secondary meaning as an identifier of high quality products, including handbags, wallets, scarves, and other goods.

18. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license the Chanel Marks and the goodwill associated therewith.

19. Chanel has discovered Defendants are promoting, and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including at least handbags and wallets bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using Chanel's Marks in the same stylized fashion for different quality goods.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different from Chanel's genuine goods. Defendants, upon information and belief, are actively promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of Defendants' actions is to confuse consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by the Chanel.

21. Upon information and belief, Defendants advertise their Counterfeit Goods for sale to the consuming public. In advertising these products, the Defendants use Chanel's Marks. Indeed, Defendants, upon information and belief, misappropriated Chanel's advertising ideas and business styles with respect to Chanel's genuine products. Upon information and belief, Defendants misappropriated Chanel's advertising ideas in the form of Chanel's Marks, in part, in the course of Defendants' own advertising activities. Defendants' acts are the proximate cause of damage to Chanel.

22. Upon information and belief, Defendants are conducting their counterfeiting activities at least within this Judicial District and elsewhere throughout the United States. Defendants' infringement and disparagement of Chanel's trademark rights are not simply a misdescription of their goods or a mere failure of the goods to conform to advertised quality or performance. By their activities, Defendants are defrauding Chanel and the consuming public for their own benefit.

23. Defendants' use of the Chanel Marks, including the promotion, advertisement, distribution, sale, and offering for sale of the Counterfeit Goods, is without Chanel's consent or authorization.

24. Further, Defendants, upon information and belief, may be engaging in the above-described illegal counterfeiting activities knowingly and intentionally, or with reckless disregard or willful blindness to Chanel's rights, for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' counterfeiting activities are not preliminarily and permanently enjoined by

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

this Court, Chanel and the consuming public will continue to be damaged.

25. Defendants' infringing activities described above are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing a connection or association exists between the Chanel's genuine goods and Defendants' Counterfeit Goods.

26. Chanel has no adequate remedy at law.

27. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

28. The injuries and damages sustained by Chanel are directly and proximately caused by Defendants' wrongful advertisement, promotion, and sale of their Counterfeit Goods.

29. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay a reasonable fee for such representation.

### COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

30. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 29 above.

31. This action is for trademark counterfeiting and infringement against Defendants based on Defendants' promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

32. Specifically, Defendants, upon information and belief, are promoting, and otherwise advertising, selling, offering for sale, and distributing counterfeit and infringing handbags, wallets, and other goods. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote, and sell counterfeit handbags, wallets, and other goods.

33. Defendants' counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

34. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

35. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

37. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 29 above.

38. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

39. Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of Plaintiff's respective genuine goods. However, the Counterfeit Goods are inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to the origin or sponsorship of the Counterfeit Goods.

40. Defendants, upon information and belief, have used in connection with their sales of Counterfeit Goods false designations of origin and false descriptions and representations, including words or other symbols which tend to describe or represent such goods falsely and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiff.

41. Specifically, Defendants, upon information and belief, authorized and engaged in an infringing use of the Chanel Marks in Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, and scarves. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

42. Defendants' above-described actions are in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Plaintiff has sustained injury and damage caused by Defendants' conduct. Absent

an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT III - TRADEMARK DILUTION

44. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 29 above.

45. The Chanel Marks are famous marks within the meaning of 15 U.S.C. § 1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world, and are highly recognizable by the trade and the consuming public. Further, Plaintiff actively polices the use of the Chanel Marks by third parties.

46. Defendants are engaged in a commercial use of the Chanel Marks in commerce.

47. Defendants' above-described counterfeiting activities are disparaging, damaging, and lessening to the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and Defendants' Counterfeit Goods.

48. Defendants' actions described herein may have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's rights for the purpose of trading on Plaintiff's reputation and diluting the Chanel Marks.

49. As a result of the above described diluting and disparaging activities of Defendants, Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment jointly and severally against the Defendants as follows:

    a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks and Trade Dress or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to cause members of the trade and/or the purchasing public to believe any goods or services of the Defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including, without limitation, handbags and/or any other goods; from affixing, applying, annexing, or using in connection with the sale of any goods a false description or representation, including words or other symbols tending to describe or represent Defendants' goods falsely as being those of the Plaintiff, or in any way endorsed by the Plaintiff, and from offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

    b.    That Defendants be required to account to and pay Plaintiff for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. § 1117, or, at Plaintiff's election with respect to Count I, that Chanel be awarded statutory damages from each defendant in the amount of one million ($1,000,000) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

    c.    That Plaintiff be awarded punitive damages.

    d.    That Plaintiff be awarded pre-judgment interest on its judgment.

    e.    That Plaintiff be awarded at least treble damages as well as its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

f.    That the Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Dated: July 11, 2007                              KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

By:    *Ken Keller* (signature)
KENNETH E. KELLER
Attorneys for Plaintiff CHANEL, INC.

10

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF