Exhibit "C"

Declaration of Adrienne Hahn-Sisbarro

Krieg, Keller, Sloan, Reilley & Roman LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3839
Telephone: (415) 249-8330
Facsimile: (415) 249-8333

Attorney for PLANTIFF
CHANEL, INC., a New York Corporation

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>CASONDRA TSHIMANGA a/k/a CASONDRA SMITH a/k/a CASONDRA SATCHER a/k/a C. MAYFIELD a/k/a ANNE LLOYD et al.,<br><br>Defendants. | Case No. CV 07-03592-EMC<br><br>**DECLARATION OF ADRIENNE HAHN SISBARRO IN SUUPORT OF CHANEL, INC.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST CASONDRA TSHIMANGA.**<br><br>DATE:<br>TIME:<br>PLACE: |

I, Adrienne Hahn Sisbarro, declare and state as follows:

1. I am employed by Chanel, Inc. ("Chanel") as Director, Legal Administration. I have been so employed since 1988. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019.

2. I am over 18 years of age and have personal knowledge of the facts set forth herein and, if called upon to do so, I could and would competently testify to the following facts in support of Plaintiff's Motion for Entry of Default Judgment against Defendant Casondra Tshimanga a/k/a Casondra Smith a/k/a Casondra Satcher a/k/a C. Mayfield a/k/a Anne Lloyd d/b/a HandbagOutpost.com d/b/a DesignerOutpost.net d/b/a Handbagsluxery.com d/b/a Bay Electronics ("Tshimanga" or "Defendant").

3. In my capacity as Chanel's Director, Legal Administration, I am responsible, in part, for Chanel's trademark and anti-counterfeiting efforts in the United States. As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine Chanel products, including handbags, wallets, and scarves, and I have been trained to identify the distinctions between genuine Chanel merchandise and counterfeit copies of the same.

4. Since the 1920s, Chanel has been engaged in the promotion, distribution, and sale in interstate commerce of high quality products under the Chanel trademarks.

5. Chanel the owner of all rights in and to the following federally registered trademarks:

| Mark | Registration No. | Registration Date |
| --- | --- | --- |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CHANEL | 0,906,262 | January 19, 1971 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

The Chanel Marks are registered in International Classes 18, and 25 and are used in connection with manufacture and distribution of, among other things, including, but not limited to women's handbags, leather goods namely, handbags, wallets, travel bags, luggage, credit card and business card cases, make-up bags and vanity cases sold empty, briefcase type portfolios, attaché cases, change purses, suitcases, tote bags, garment bags, travelers' shoe bags, and scarves.   True and correct copies of the Federal Registrations for the Chanel Marks are attached as Composite Exhibit "D" to Plaintiff's Motion for Entry of Final Default Judgment against Tshimanga.

  6. Genuine Chanel products are sold at Chanel boutiques throughout the

United States and at high quality, prestigious retail stores and via the Internet. During the more than 80 years that Chanel has sold its products in interstate commerce under the Chanel Marks, Chanel has spent hundreds of millions of dollars to extensively advertise and promote its goods. In the last five years, Chanel's sales of high quality handbags, wallets, scarves and other goods have been well into many millions of dollars.

7. As a result of the foregoing, the Chanel Marks have acquired fame in the consumer market for a wide variety of products, including high quality handbags, wallets, scarves, and other goods. The Chanel Marks have come to symbolize the enormous goodwill of Chanel's products throughout the United States and the world. No other manufacturer uses the Chanel Marks or any substantially similar marks for the same type of goods. Chanel actively polices and enforces its trademark rights.

8. The Chanel Marks are vital to Chanel's business. The Chanel Marks represent virtually the entire value of the company's business and its associated image. The Chanel Marks have never been abandoned. Chanel suffers irreparable harm to its goodwill, as well as a direct monetary loss, any time any third parties, including the Defendant, sell counterfeit goods bearing identical or substantially

similar trademarks.

9. Chanel received information that the Defendant was selling handbags, wallets, scarves, and various other items under the Chanel Marks without Chanel's authorization through her Internet websites "HandbagOutpost.com," "DesignerOutpost.net," and "HandbagsLuxery.com." The Defendant does not have, nor has she ever had, the right or authority to use the Chanel Marks for any purpose. True and correct copies of the printouts from the "HandbagOutpost.com," "DesignerOutpost.com," and "HandbagsLuxery.com" websites showing the products bearing the Chanel Marks offered for sale by the Defendant are attached as Exhibits "G" through "K" to Chanel's Motion for Default Judgment.

10. In or about May 2006, as part of its ongoing investigations regarding counterfeit Chanel products, Chanel retained Robert Holmes of IPCyberCrime.com, LLC, formerly, the Holmes Detective Agency, to investigate the suspected sales of counterfeit Chanel products by the Defendant. Mr. Holmes purchased a handbag bearing the Chanel Marks at issue in this matter from Defendant through her Internet website HandbagOutpost.com for $557.43, including shipping. On or about June 20, 2006, Mr. Holmes received the handbag bearing the Chanel Marks at issue in this action and delivered the same to Chanel. A true and correct

photograph of the handbag Mr. Holmes purchased from the Defendant through her website HandbagOutpost.com together with true and correct copies of the invoice, the outer package, and the Chain of Custody are attached are attached as Composite Exhibit "2" to the Declaration of Robert Holmes in support of Chanel's Motion for Default Judgment.

11. I personally analyzed the handbag purchased by Mr. Holmes from the Defendant through the HandbagOutpost.com website and determined it to be a non-genuine Chanel product. My analysis included review of the workmanship and materials of the handbag including markings on the handbag, items provided together with the handbag and the quality of the handbag itself. Specifically: the authenticity card, care booklet and protective cover all differ from those used in connection with genuine Chanel handbags of this style; the markings on the handbag are inconsistent with those used in connection with genuine Chanel handbags of this style; and the workmanship and materials are inferior.

12. I also personally reviewed the website printouts reflecting products bearing the various Chanel Marks offered for sale by the Defendant via her websites HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com and concluded they were non-genuine Chanel products. I reached this conclusion through my visual inspection of the products and the pricing, and because I personally know that Chanel does not conduct business with Defendant nor does she have the right or authority to use the Chanel Marks. True and correct copies of

HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com website printouts I reviewed are attached as Exhibits "G" through "K" to Chanel's Motion for Default Judgment.

13. In view of the foregoing, Chanel can confirm that the handbag sold by the Defendant to Chanel's private investigator under the Chanel Marks is a counterfeit product and is of inferior quality to genuine Chanel products. Additionally, Chanel can confirm that the products offered for sale and sold on the Defendant's websites HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com are counterfeit products and are of inferior quality to genuine Chanel products.

14. As a result of the availability of the counterfeit products being offered by the Defendants, Chanel is highly likely to experience irreparable damage to its reputation among consumers unless the infringing activity alleged in its Complaint is stopped.

I declare under penalty of perjury under the laws of the United States of

**DECLARATION OF ADRIENNE HAHN SISBARRO**

1  America that the foregoing is true and correct.

2      FURTHER DECLARANT SAYETH NAUGHT.

3  Dated this 14th day of January 2008.

                                  ADRIENNE HAHN SISBARRO