1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8  CHANEL, INC.                                      No. C-07-3592 EMC

9              Plaintiff,

10      v.                                           **ORDER RE SUPPLEMENTAL
                                                      BRIEFING AND/OR EVIDENCE**
11  CASONDRA TSHIMANGA, *et al.*,

12              Defendants.
    _____/

13

14

15      Plaintiff Chanel, Inc. has filed suit against Defendant Casondra Tshimanga for violations of

16  the Lanham Act. After Ms. Tshimanga failed to respond to the complaint, default was entered on

17  February 21, 2008. *See* Docket No. 16. Chanel thereafter moved for default judgment. Having

18  considered Chanel's motion for default judgment, the Court hereby orders Chanel to provide

19  supplemental briefing and/or evidence as described below.

20                              **I.   DISCUSSION**

21      In seeking the supplemental information, the Court takes into account "'[t]he general rule of

22  law . . . that upon default the factual allegations of the complaint, except those relating to the amount

23  of damages, will be taken as true.'" *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th

24  Cir.1987). However, the Court is still entitled under Federal Rule of Civil Procedure 55 to conduct a

25  hearing, not only to determine the amount of damages, but also to establish the truth of any

26  allegation by evidence and to investigate any other matter. *See* Fed. R. Civ. P. 55(b)(2). Here, the

27  Court's concerns are largely related to the relief sought by Chanel, both in terms of damages and

28  injunctive relief. *See Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.,* No. 04-

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   02841 CW, 2005 WL 433462, at \*2 (N.D. Cal. Feb. 24, 2005) (noting that "Plaintiff has the burden

2   of proving damages through testimony or written affidavit"); *Warner Bros. Entm't v. Bowers*, No.

3   5:06-CV-0228 (NAM/DEP), 2007 U.S. Dist. LEXIS 10356, at \*5-6 (N.D.N.Y. Feb. 13, 2007)

4   (granting default judgment but referring the matter to another judge "for the purpose of conducting a

5   hearing pursuant to Rule 55 . . . to [*inter alia*] make proposed findings of fact and conclusions of law

6   regarding plaintiff's request for entry of a permanent injunction").

7   A.    HandbagsLuxery.Com

8         Chanel has alleged that Ms. Tshimanga does business as HandbagOutpost.com,

9   DesignerOutpost.com, and HandbagsLuxery.com. *See* Compl. ¶ 2. In its motion for default

10  judgment, Chanel has offered evidence to support its claim that Ms. Tshimanga does in fact do

11  business as HandbagOutpost.com and DesignerOutpost.com. For example, Robert Holmes, a

12  private investigator, determined that Ms. Tshimanga is listed as the registrant, administrative

13  contact, and technical contact for both HandbagOutpost.com and DesignerOutpost.net. *See* Mot.,

14  Ex. E (Holmes Decl. ¶¶ 4, 9 & Exs. 1, 3). While Chanel has also offered some evidence to support

15  its claim that Ms. Tshimanga does business as HandbagsLuxery.com as well, that evidence is less

16  compelling. Based on the declaration of Mr. Holmes, it appears that the only evidence to support

17  this claim is the fact that the same fax number is listed on both HandbagOutpost.com and

18  HandbagsLuxery.com. *See* Mot., Ex. E (Holmes Decl. ¶ 15 & Ex. 5). Notably, Mr. Holmes's

19  investigation revealed that Ms. Tshimanga was *not* listed as the registrant, administrative contact, or

20  technical contact for HandbagsLuxery.com. *See* Mot., Ex. E (Holmes Decl., Ex. 4) (listing Kelly

21  Watson as the registrant, administrative contact, and technical contact).

22        Because the Court has concerns about whether Ms. Tshimanga does in fact do business as

23  HandbagsLuxery.com, it orders Chanel to provide all evidence in its possession, custody, or control

24  supporting this contention. Even if it might be fair to hold Ms. Tshimanga liable for damages

25  related to infringing products sold on HandbagsLuxery.com since she was given notice of the suit

26  but did not appear (although the Court is not so holding), arguably, it would not be fair to enter an

27  injunction that would prohibit HandbagsLuxery.com from specified conduct if it was in fact an

28  entity separate from Ms. Tshimanga and therefore never served with the summons and complaint.

**United States District Court**
For the Northern District of California

1  B.    <u>Statutory Damages Under 15 U.S.C. § 1117(c)</u>

2       In its motion for default judgment, Chanel is asking for statutory damages pursuant to 15

3  U.S.C. § 1117(c).  Under the statute, damages range from "not less than $500 or more than $100,000

4  per counter mark per type of goods or services sold, offered for sale, or distributed, as the court

5  considers just." 15 U.S.C. § 1117(c)(1).  Counterfeit mark is defined in § 1116(d)(1)(B)(i) as "a

6  counterfeit of a mark that is registered on the principal register in the United States Patent and

7  Trademark Office." *Id.* § 1116(d)(1)(B)(i).

8       In its complaint, Chanel has alleged that it is the owner of nine registered trademarks, *see*

9  Compl. ¶ 10, and, in its motion for default judgment, Chanel has offered proof to substantiate this

10  allegation. *See* Mot., Ex. D.  However, it is not clear from the evidence provided by Chanel that Ms.

11  Tshimanga has in fact infringed on all nine trademarks, as suggested by Chanel in its complaint. *See*

12  Compl. ¶ 19.  For example, there does not appear to be any proof that Ms. Tshimanga infringed the

13  trademark protected by Reg. No. 3,022,708 (*i.e.*, the black CC monogram surrounded by a box). *See*

14  Mot., Ex. D.  The Court therefore orders Chanel to provide all evidence in its possession, custody, or

15  control demonstrating that *each* of the nine trademarks at issue was infringed.[1]

16       In addition, the Court notes that, although there are nine different registered trademarks,

17  some of the trademarks appear to be exactly the same mark *and* for the same good.  For example,

18  three of the trademarks are for a black CC monogram to be used for leather goods such as handbags.

19  *See* Mot., Ex. D (Reg. No. 1,734,822, Reg. No. 1,314,511, and Reg. No. 3,025,934).  In addition,

20  three of the trademarks are for the word Chanel to be used for leather goods such as handbags. *See*

21  Mot., Ex. D (Reg. No. 626,035, Reg. No. 1,347,677, and Reg. No. 1,733,051).  As a result, Ms.

22  Tshimanga could sell handbags bearing only the black CC monogram (or the word Chanel) and

23  thereby infringe three different marks instead of just one.  The Court orders Chanel to provide

24  supplemental briefing as to whether, in light of this circumstance, the Court should either lower the

25  per mark award or deem some of the marks at issue as one singular mark (*e.g.*, the black CC

26

27       [1]Chanel may, if it wishes, rely on the website print-outs, *see* Exs. G-K, to support any contention,
   but the Court notes that the quality of the print-outs (at least as copied) makes it difficult for the Court
28  to ascertain the use of a counterfeit mark, particularly on the darker handbags.

3

1    monogram and the word Chanel).  *Cf. Louis Vuitton Malletier v. Veit*, 211 F. Supp. 2d 567, 584

2    (E.D. Pa. 2002) (noting that, in cases concerning multiple marks, courts have been inclined to either

3    award the maximum without multiplication or to lower the per mark award).

4          Finally, the Court notes that, in its motion for default judgment, Chanel asks for statutory

5    damages based on what it believes a reasonable estimate of Ms. Tshimanga's profits would be.  *See*

6    Mot. 14-17.  The Court orders Chanel (1) to provide its exact calculations, *cf. Chanel v. Doan*, No. C

7    05-03464 VRW, 2007 U.S. Dist. LEXIS 22691, at *14 (N.D. Cal. Mar. 13, 2007) (stating that,

8    "[u]nfortunately, plaintiff fails to demonstrate how it reached this number other than offering a

9    blanket reference to the data contained in the exhibits and declarations"), and (2) to provide

10   supplemental evidence establishing the basis of its opinion that Ms. Tshimanga turned her inventory

11   every eight weeks and made a profit of 50%.

**II.    CONCLUSION**

13        Chanel shall provide the supplemental briefing and/or evidence requested above within two

14   weeks of the date of this order.

16        IT IS SO ORDERED.

18   Dated:  April 3, 2008

19                                                          _____
                                                           EDWARD M. CHEN
20                                                         United States Magistrate Judge