United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC. | No. C-07-3592 EMC |
| Plaintiff, | |
| v. | **ORDER RE FURTHER SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |
| CASONDRA TSHIMANGA, *et al.*, | |
| Defendants. | |
| _____/ | |

Plaintiff Chanel, Inc. has filed suit against Defendant Casondra Tshimanga for violations of the Lanham Act. After Ms. Tshimanga failed to respond to the complaint, default was entered on February 21, 2008. *See* Docket No. 16. Chanel thereafter moved for default judgment. On April 3, 2008, the Court issued an order instructing Chanel to provide supplemental briefing and/or evidence. *See* Docket No. 21. Having reviewed the supplemental information filed by Chanel, the Court now requires further supplementation.

**I. DISCUSSION**

As the Court noted in its previous order, there is a "'general rule of law . . . that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir.1987). However, under Federal Rule of Civil Procedure 55, a court may conduct a hearing, not only to determine the amount of damages, but also to establish the truth of any allegation by evidence and to investigate any other matter. *See* Fed. R. Civ. P. 55(b)(2).

A.   Exhibits to Second Holmes Declaration

Exhibits 5 through 7 attached to the second Holmes declaration were not filed with the Court. These exhibits should be filed promptly.

B.   Domain History

The Court has concerns related to Defendant Casondra Tshimanga's past and/or present ownership of the three websites at issue, *i.e.*, HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com.

1.   HandbagOutpost.com

According to Robert Holmes, the private investigator hired by Chanel, the domain name HandbagOutpost.com was created on April 10, 2006, *see* Holmes Decl. ¶ 4 & Ex. 1, and, as of May 3, 2006, Ms. Tshimanga was listed as the registrant, administrative contact, and technical contact. *See* Holmes Decl. ¶ 4 & Ex. 1. Furthermore, Ms. Tshimanga was still listed as the registrant, administrative contact, and technical contact for HandbagOutpost.com as of October 2, 2006. *See* 2d Holmes Decl. ¶ 5 & Ex. 2. However, there is no evidence as to whether Ms. Tshimanga continued to be the registrant, administrative contact, and technical contact for HandbagOutpost.com -- or the owner -- at any point from October 3, 2006, to the present.

Accordingly, the Court orders Chanel to provide (1) any and all information as to whether Ms. Tshimanga continued to be the owner or the registrant, administrative contact, and technical contact for either HandbagOutpost.com or Handbag Outpost at any point from October 3, 2006, to the present and (2) any and all information as to the first date that Ms. Tshimanga no longer was the owner or the registrant, administrative contact, and technical contact for HandbagOutpost.com or Handbag Outpost.

2.   DesignerOutpost.net and HandbagsLuxery.com

It appears that Ms. Tshimanga no longer has or does not have a formal relationship to either DesignerOutpost.net or HandbagsLuxery.com. Rather, the individual affiliated with these websites is Kelly Watson. According to Mr. Holmes, he "conducted a search via Acxiom.com, a public records search engine," but he was not able "to identify anyone with the name 'Kelly Watson'

2

*connected to* the DesignerOutpost.net domain name or website" or "*connected to* the HandbagLuxery.com website." 2d Holmes Decl. ¶¶ 7, 9 (emphasis added).

It is not clear what inference Chanel wishes the Court to make from this information. If Chanel's contention is that Kelly Watson does not really exist -- or that there is a Kelly Watson in existence but not one affiliated with the websites at issue -- and the name is simply another alias for Ms. Tshimanga, then it should provide Chanel must further provide any and all evidence it has to establish that Ms. Watson and Ms. Tshimanga are one and the same person. Or, if Chanel is asserting that Ms. Tshimanga should be held liable for Ms. Watson's conduct, then it must explain why and provide authority in support of that assertion.

## II.  CONCLUSION

The exhibits to the second Holmes declaration shall be promptly filed. All other supplemental information shall be filed within two weeks of the date of this order.

IT IS SO ORDERED.

Dated: April 28, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3