KENNETH E. KELLER (SBN 71450) kkeller@kkdrr.com
MICHAEL D. LISI (SBN 196974) mlidi@kksrr.com
ANJALI KURANI (SBN 227075) akurani@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, Suite 400
San Francisco, California 94104-3839
Telephone:   (415) 249-8330
Facsimile:   (415) 249-8333

Attorneys for Plaintiff, CHANEL, INC.

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., a New York corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CASONDRA TSHIMANGA a/k/a CASONDRA SMITH a/k/a CASONDRA SATCHER a/k/a C. MAYFIELD a/k/a ANNE LLOYD d/b/a HANDBAGOUTPOST.COM d/b/a DESIGNEROUTPOST.NET d/b/a HANDBAGSLUXURY.COM d/b/a BAY ELECTRONICS and Does 1-10,<br><br>　　　　　Defendants. | Case No. C-07-3592-EMC<br><br>**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11(a) FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONERENCE** |

Plaintiff Chanel, Inc. ("Chanel"), pursuant to Local Rule 7-11(a), seeks leave to take limited discovery from third parties and states as follows:

**I.     INTRODUCTION**

Chanel filed its Motion for Final Default Judgment ("Chanel's Motion") against Defendant Casondra Tshimanga a/k/a Casondra Smith a/k/a Casondra Satcher a/k/a C. Mayfield a/k/a Anne Lloyd d/b/a HandbagOutpost.com d/b/a DesignerOutpost.net d/b/a Handbagsluxery.com d/b/a Bay Electronics ("Tshimanga" or "Defendant") on March 14, 2008. (e-Docket No. 18).  Upon

1

consideration of Chanel's Motion, the Court issued an Order requiring Chanel to provide supplemental briefing and/or evidence regarding (1) Defendant Tshimanga's relationship with the business operating under the domain name HandbagsLuxery.com; (2) whether the Court should either lower the per mark award or deem some of the Chanel Marks at issue as one singular mark; and (3) how Chanel calculated its requested damage award. (e-Docket No. 21).  On April 17, 2008, Chanel filed its supplemental brief in support of Motion for Final Default Judgment. (e-Docket No. 25). Upon review of Chanel's supplement brief, the Court issued and Order requiring Chanel to provide further supplementation. (e-Docket No. 26). Specifically, the Court has ordered Chanel to provide any and all information related to Defendant Casondra Tshimanga's past and/or present ownership of the three websites at issue.

As set forth in Chanel's previous memoranda, Chanel's pre-suit investigation identified Defendant Tshimanga as the owner of the Internet websites operating under the domain names HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com.  Chanel's investigation included searches conducted on publicly available databases.  The searches revealed the domain names HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com were registered through Network Solutions, Inc. However, the true owner identity of the websites was protected though Network Solutions Private Domain registration service, which secrets the registrant's personal information from public view and keeps the information private.  For a fee, Network Solutions provides alternate contact information for the listing of the domain name registration(s) in the public WHOIS database, and further offers an E-mail masking service wherein the private Registration e-mail address changes every ten days.  Chanel reasonably believes Network Solutions, Inc. possess true and correct information conclusively identifying the Registrants of the domain names at issue, and such information can only be obtained by issuance of a subpoena.

Accordingly, Chanel seeks leave of Court to serve a Rule 45 limited subpoena on Network Solutions, Inc., in order to obtain information sufficient to conclusively identify the true owner and Registrants of the domain names HandbagOutpost.com, DesignerOutpost.net, and HandbagsLuxery.com, including the name, address, telephone number, e-mail address for the

2

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11(a) FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONERENCE
Case No. C-07-3592-EMC

Registrants. The proposed form of the subpoena is attached as Exhibit A. The requested discovery is necessary to provide the Court with additional information to as to (i) whether Defendant Tshimanga continues to be the owner or the registrant, administrative contact, and technical contact for HandbagOutpost.com; and (ii) whether Kelly Watson is another alias for Defendant Tshimanga.

## II.    ARGUMENT

Federal Rule of Civil Procedure 26(d) states in part "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." However, Courts have allowed expedited discovery prior to a Rule 26(f) conference when good cause is shown. *See Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 276 (N.D. Cal.2002); *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "Expedited discovery under Rule 45 is appropriate when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597 *1 (N.D. Cal. 2006).

Good cause is established here because the Defendant has defaulted, thereby leaving the Plaintiff with no party with whom to confer.[1] Without leave from the Court to serve third party subpoenas, the Defendant's refusal to participate in this litigation in essence would deprive the Plaintiff the ability to obtain any discovery at all in this action. Further, since the Plaintiff has exercised diligence and exhausted all publicly available sources, without the Court's intervention Plaintiff has no other means of providing the Court additional information as to the Defendant's ownership of the websites at issue.

Good cause also exists because the discovery request is narrowly tailored as Plaintiff seeks only limited discovery it reasonably believes will lead to information identifying the Defendant as the owner of the websites at issue. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. at 276. Additionally, good case exists because Plaintiff's Complaint alleges claims trademark infringement and unfair competition. *See Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D.

---

[1] On February 21, 2008 the Clerk entered a Default against the Defendant. (e-Docket No. 16).

3

at 276 ("… courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition.").

### III.    CONCLUSION

In view of the foregoing, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Administrative Relief Pursuant to Local Rule 7-11(a) for Leave to Take Discovery Prior to Rule 26(f) Conference. Granting the requested relief will allow the Plaintiff to fully satisfy the Court's request for additional information and evidence regarding the ownership of the three websites at issue in this matter.

Dated:  May ___, 2008                KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By: _____/s/_____
    Kenneth Keller
    Attorneys for Plaintiff
    CHANEL, INC.

87036

4

PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO LOCAL RULE 7-11(a) FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONERENCE
Case No. C-07-3592-EMC